| | AUSA: | Susan Fairchild | Telephone: (313) 226-9577 |
|---|---|---|---|
| AO 91 (Rev. 11/11) Criminal Complaint | Agent: | Alexander Carlson | Telephone: (313) 450-2590 |

June 27, 2025

# UNITED STATES DISTRICT COURT
for the

Eastern District of Michigan

United States of America

v.

Francisco VACA MAGANA, a/k/a Eduardo ESTRADA RENTERIA

Case No. 2:25-mj-30413
Assigned To : Unassigned
Assign. Date : 6/27/2025
Description: CMP USA v Vaca Magana (SH)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __June 20, 2025__ in the county of __Wayne__ in the __Eastern__ District of __Michigan__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. 1326(a), (b)(2) | Unlawful Re-Entry Following Removal, Aggravated Felony Conviction |

This criminal complaint is based on these facts:

On or about June 20, 2025, in the Eastern District of Michigan, Southern Division, Francisco VACA MAGANA, a/k/a Eduardo ESTRADA RENTERIA, an alien from Mexico, who had previously been convicted of an aggravated felony offense and was subsequently denied admission, excluded, deported, and removed therefrom on or about November 30, 2011, at or near San Ysidro, CA, was found in the United States without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), (b)(2).

☑ Continued on the attached sheet.

_Complainant's signature_

Alexander Carlson, Border Patrol Agent
_Printed name and title_

Sworn to before me and signed in my presence and/or by reliable electronic means.

Date: June 27, 2025

_Judge's signature_

City and state: Detroit, MI

Anthony P. Patti, U.S. Magistrate Judge
_Printed name and title_

# **AFFIDAVIT**

I, Alexander Carlson, declare the following under penalty of perjury:

1. I am a Border Patrol Agent with the United States Department of Homeland Security, United States Border Patrol. The facts set forth herein are based upon my personal knowledge as well as information provided by other law enforcement officers to include Border Patrol Agents and record checks of law enforcement databases. I have also reviewed the immigration file and system automated data relating to Francisco VACA MAGANA, a native and citizen of Mexico.

2. This affidavit is submitted for the limited purpose of establishing probable cause in support of a criminal complaint and arrest warrant for VACA MAGANA, for a violation of 8 U.S.C. §1326(a), (b)(2), Unlawful Re-Entry Following Removal, Aggravated Felony Conviction. I have not included every fact known to law enforcement related to this investigation.

3. On or about July 31, 2007, VACA MAGANA was encountered by United States Customs and Border Protection officers at the San Ysidro Port of Entry in San Ysidro, California. VACA MAGANA presented immigration documents in the name of another person in an attempt to enter the United States of America. VACA MAGANA was processed under the name of Eduardo ESTRADA-RENTERIA and allowed to withdraw his application for entry in lieu of an Expedited Removal. VACA MAGANA was allowed to return to Mexico.

4. On or about February 8, 2009, VACA MAGANA was encountered by United States Customs and Border Protection officers at the San Ysidro Port of Entry in San Ysidro, California. VACA MAGANA again presented a false resident alien card (Green Card) bearing the name of Juan VALLES-ESTRADA and A# XXX XXX 739 in an attempt to enter the United States of America. VACA MAGANA was processed under the name of Eduardo ESTRADA-RENTERIA, as an Expedited Removal and issued A# XXX

1

XXX 536. On February 8, 2009, VACA MAGANA was removed to Mexico via the San Ysidro Port of Entry.

5. On or about June 3, 2011, VACA MAGANA was encountered by Newport Beach Police Department in Newport Beach, California. VACA MAGANA was charged with Possession of a Controlled Substance with Intent to Sell (a felony). VACA MAGANA pleaded guilty on June 15, 2011, and was sentenced to 270 days in jail and 3 years' probation.

6. On or about June 4, 2011, VACA MAGANA was encountered by ICE Agents while in custody in Newport Beach, California. VACA MAGANA was processed as a Reinstatement of Deport Order (Form I-871). VACA MAGANA was released from jail and removed to Mexico via San Ysidro Port of Entry on November 30, 2011.

7. On or about May 10, 2021, VACA MAGANA was encountered by United States Border Patrol Agents in Eagle Pass, Texas. VACA MAGANA used the name of Francisco VACA MAGANA. VACA MAGANA was expelled to Mexico under Title 42.

8. On or about May 14, 2021, VACA MAGANA was encountered by United States Border Patrol Agents in Eagle Pass, Texas. VACA MAGANA used the name of Francisco VACAM AGANA. VACA MAGANA was expelled to Mexico under Title 42.

9. On or about June 15, 2021, VACA MAGANA was encountered by United States Border Patrol Agents in Eagle Pass, Texas. VACA MAGANA used the name of Francisco VACA MAGANA. VACA MAGANA was expelled to Mexico under Title 42.

10. On June 20, 2025, an officer from Brownstown Police Department requested assistance from the Gibraltar Border Patrol Station identifying an adult male subject they encountered during a traffic stop. The officer conducted a traffic stop on a 2009 Toyota bearing Michigan license plate XXX240. The driver, later identified as VACA MAGANA, was issued a citation for driving without a license and no proof of insurance.

11. At approximately 8:40 PM, on June 20, 2025, a Border Patrol Agent arrived on scene and encountered VACA MAGANA. The agent identified himself

as a Border Patrol Agent to VACA MAGANA and conducted an immigration inspection. The agent determined that VACA MAGANA was an alien who unlawfully entered the United States at a time and place other than as designated by the Secretary of The Department of Homeland Security of the United States. The agent arrested VACA MAGANA and transported him to the Gibraltar Border Patrol Station for further processing.

12. While at the Gibraltar Border Patrol Station, VACA MAGANA's fingerprints and photograph were captured and entered into the Automated Biometric Identification System (IDENT) and the Next Generation Identification (NGI). The results revealed that VACA MAGANA is a citizen of Mexico, with no record of obtaining permission to re-enter the United States following his removal on November 30, 2011.

13. The aforementioned arrest and subsequent detention was an administrative, non-criminal action made pursuant to the authority found in sections 1357, 1225, 1226, and/or 1231 of Title 8, United States Code to arrest and detain any alien entering or attempting to enter the United States, or any alien present in the United States, who is reasonably believed to be in violation of any law or regulation regulating the admission, exclusion, expulsion, or removal of aliens.

14. Review of the Alien File (A# XXX XXX 536) for VACA MAGANA, and queries in U.S. Department of Homeland Security databases confirm no record exists of VACA MAGANA obtaining permission from the Attorney General or the Secretary of the Department of Homeland Security to re-apply for admission to the United States after his removal from the United States on November 30, 2011.

15. Based on the above information, I believe there is probable cause to conclude that Francisco VACA MAGANA is a native and citizen of Mexico, who had previously been convicted of an aggravated felony offense and was subsequently denied admission, excluded, deported, and removed therefrom on or about November 30, 2011, was found in the United States without having obtained the express consent of the Attorney General of the United States or the Secretary of the Department of Homeland Security to re-apply for admission thereto; in violation of Title 8, United States Code, Section 1326(a), (b)(2).

_____
Alexander T. Carlson, Border Patrol Agent
U.S. Department of Homeland Security

Sworn to before me and signed in my
presence and/or by reliable electronic means.

_____
Honorable Anthony P. Patti
United States Magistrate Judge

June 27, 2025